UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANGEL D. HANDSHOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-284-TLS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Angel D. Handshoe seeks review of the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income disability benefits. The Plaintiff argues that the Commissioner wrongfully denied her social security disability benefits and erred by failing to account for the reasons for the Plaintiff's noncompliance with treatment, overemphasizing activities of daily living, and failing to account for the Plaintiff's temper problems in calculating the residual functioning capacity assessment.

**BACKGROUND**

On January 13, 2014, the Plaintiff protectively filed an application for supplemental security income, alleging disability beginning November 16, 2010. (R. 13.) The claim was denied initially on May 9, 2014, and upon reconsideration on September 4, 2014. (*Id.*) On March 9, 2016, the Plaintiff appeared with counsel and testified at a hearing before an Administrative Law Judge (ALJ). (*Id.*) A vocational expert (VE) testified, as did the Plaintiff's case facilitator

and fiancé. (*Id.*) On April 12, 2016, the ALJ denied the Plaintiff's application, finding she was not disabled as of January 13, 2014, the date her application was filed.[1] (R. 10–26.) On May 11, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 5.)

On July 7, 2017, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In this case, the ALJ found that the Plaintiff has been unable to engage in SGA since the application date, January 13, 2014. (R. 16.)

---

[1] The Plaintiff previously filed for social security disability benefits, and in both cases received an unfavorable decision. (R. 13.) The ALJ found that res judicata applied to the facts and issues in these administratively final decisions. (*Id.*) The ALJ reasoned that, because res judicata applied, she would only consider facts and issues "subsequent to the most recent March 4, 2013 Administrative law Judge decision." (*Id.*) However, after this the ALJ immediately noted that she would actually only consider facts and issues that occurred after the Plaintiff's January 13, 2014, protective filing date. (*Id.*) She provided no rationale for limiting her analysis to this period, even given the Plaintiff's alleged onset date of November 16, 2010.

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under § 416.920(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including major depressive disorder, anxiety disorder, panic disorder, bipolar disorder, posttraumatic stress disorder, borderline intellectual functioning, and headaches/migraines. (*Id.*) The ALJ also found that the Plaintiff suffered from non-severe medically determinable impairments of human papilloma virus (HPV) and a back disorder. (*Id.*)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do physically, despite her limitations—to determine whether she can perform "past relevant work," § 416.920(A)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 416.920(a)(4)(v). The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1.

The ALJ further determined that the Plaintiff had the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [S]he is limited to moderate (office) levels of noise and light (i.e., no bright light or outdoor light exposure), and she should avoid concentrated exposure to unprotected heights and dangerous moving machinery. In addition, the claimant can understand, remember, and carry out simple instructions and tasks; she can make decisions on simple work related decisions; she can respond appropriately to occasional interactions with coworkers and supervisors; she should avoid all work activity

involving the general public; she can respond appropriately to usual work situations; and she can deal with routine changes in a routine work setting.

(R. 19.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of her application date. The ALJ found that the Plaintiff's impairments, either singly or in combination, did not meet or medically equal the severity of a listed section. The ALJ then assessed the Plaintiff's RFC by evaluating the objective medical evidence and the Plaintiff's subjective symptoms. The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. (R. 20.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (*Id.*) After reviewing the objective medical evidence and considering the testimony presented at the hearing, the ALJ found that:

> [T]he above residual functioning capacity assessment is supported by the objective medical evidence of record, in part by the State agency psychological assessments, and the claimant's hearing testimony. The claimant's statements regarding the intensity, persistence and limiting effects of her [symptoms] are not fully consistent with the evidence, especially in light of the medical records that show improvement of her symptoms and functioning with consistent treatment and a history of noncompliance with attending appointments (20 CFR 416.929).

(R. 25.) The Plaintiff has no past relevant work. (R. 25.) However, relying on the vocational expert's testimony, the ALJ found that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 416.969 and 416.969(a))." (R. 25.) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act as of her protective application date. (R. 26.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. The court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address

every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff argues that there are three bases for remand. She asserts that the Commissioner erred by (1) failing to account for the reasons for the Plaintiff's noncompliance with treatment, (2) overemphasizing activities of daily living, and (3) failing to account for the Plaintiff's temper problems in assessing her residual functioning capacity. The Court will address only the Plaintiff's first argument as it requires remand without further consideration of the parties' other arguments.

The ALJ noted, repeatedly, that the Plaintiff's inconsistency in keeping appointments in analyzing the objective medical evidence. (*See, e.g.*, R. 21 ("Despite her complaints of severe mental issues, she then cancelled four consecutive appointments in December 2013 and January 2014.") (internal citation omitted); R. 22 ("[S]he continued not to meet her with therapist."); R. 22 ("However, the record contains multiple references to noncompliance with attending medication management and therapy, which slowed her progress."); R. 23 ("While the claimant alleges severe back pain and headaches, the undersigned notes that the claimant sought little treatment for her physical impairments during the adjudication period."); R. 24 ("Dr. Recinto also noted the claimant's inconsistency in keeping appointments.").)

The Plaintiff therefore argues that the ALJ improperly held the Plaintiff's inconsistent treatment against her credibility. The Court affirms that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009) (citation omitted). "ALJs have a duty to consider factors like inability to travel, mental illness, or economic constraints that may have prevented claimants from seeking [or] receiving medical care." *Orienti v. Astrue*, 958 F. Supp. 2d 961, 977 (N.D. Ill. 2013) (first citing *McClesky v. Astrue*, 606 F.3d 351, 352 (7th Cir. 2010), then citing *Godbey v. Apfel*, 238 F.3d 803, 809 (7th Cir. 2000)). Sometimes the cause of such inconsistent treatment is the underlying mental illness itself. *See Kangail v. Barnhart*, 454 F.3d 627, 630 (7th Cir. 2006) ("[M]ental illness in general and bipolar disorder in particular . . . may prevent the sufferer from . . . submitting to treatment.")

In this case, the Plaintiff has a long history of various mental illnesses. The ALJ never questioned the Plaintiff about her inconsistent treatment history, and therefore it is not clear to the Court that the ALJ even considered the reasons for the Plaintiff's inconsistent treatment history of mental illness or physical injuries. Hence, under governing circuit precedent, remand is required. Because the Court is remanding on this issue, the Court need not consider the remainder of the parties' arguments. On remand, the ALJ should also re-examine its rationale for declining to consider facts and issues between March 4, 2013, and January 13, 2014.

## CONCLUSION

For the reasons stated above, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order.

SO ORDERED on August 24, 2018.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT